Filed 6/5/26  P. v. Basulto CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESUS JAVIER BASULTO,<br><br>    Defendant and Appellant. | B337399<br><br>Los Angeles County<br>Super. Ct. No. PA065305 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Shezad H. Thakor and Kenneth C. Byrne, Deputy Attorneys General, for Plaintiff and Respondent.

The superior court resentenced appellant Jesus Javier Basulto under Penal Code section 1172.75.[1]  On appeal, he claims that the court improperly imposed the upper term without complying with the factfinding requirement of section 1170, subdivision (b).  We reject Basulto's claim because section 1172.75, subdivision (d)(4) allows an exception to the factfinding requirement if the upper term was previously imposed.  We also reject Basulto's claim that the court improperly refused to strike his prior serious felony conviction enhancement under section 667, subdivision (a)(1).  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    Facts[2]

On August 27, 2009, at approximately 9:00 p.m., Basulto opened the driver's door of a Toyota Camry occupied by Frank Park near the intersection of Roscoe Boulevard and Balboa Place in Los Angeles.  Basulto made a statement in Spanish, reached behind his back as if he had a firearm in his waistband, and told Park to get out of the car.  Park complied, observing that Basulto "reeked of alcohol" and appeared "heavily intoxicated."

At about 10:30 p.m., Los Angeles Police Department Officer Brian Harris saw the Toyota Camry stopped at a green light on Sherman Way.  He followed the Camry down an alley as it drove 25 to 35 miles per hour past an oncoming truck and a pedestrian.  Officer Harris pursued the Camry with his patrol car's lights and

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We refer to the factual background from the opinion in *People v. Basulto* (Mar. 21, 2012, B231523) [nonpub. opn.].

sirens activated. The Camry drove through a stop sign and accelerated to approximately 65 miles per hour. It made an illegal U-turn over a raised center median. After driving through a parking lot and into an alley, the Camry skidded into a curb. Basulto ran away but ultimately complied with Officer Harris's order to stop and get on the ground. At a field show up, Park identified Basulto as the person who had taken his car.

## II.    Trial court proceedings

On August 23, 2010, a jury found Basulto guilty of carjacking (§ 215, subd. (a); count 1), second degree robbery (§ 211; count 2), and evading an officer with willful disregard for the safety of persons and property (Veh. Code, § 2800.2, subd. (a); count 3). On September 21, 2010, Basulto admitted the truth of the allegations that he served a prior prison term (§ 667.5, subd. (a)), and he sustained a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior felony conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On February 10, 2011, the trial court imposed an aggregate sentence of 24 years in state prison. On count 1, the court imposed 18 years, calculated as the upper term of nine years, doubled under the Three Strikes law. The court imposed an additional five years for the prior serious felony conviction enhancement under section 667, subdivision (a)(1) and an additional year for the prior prison term enhancement under section 667.5, subdivision (b). The court imposed and stayed six years pursuant to section 654 on count 2. On count 3, the court imposed a concurrent sentence of four years, calculated as the middle term of two years, doubled under the Three Strikes law.

3

On March 21, 2012, the Court of Appeal affirmed the judgment.[3]

## III.    Resentencing under section 1172.75

In March of 2023, the California Department of Corrections and Rehabilitation notified the superior court that Basulto may qualify for relief pursuant to Senate Bill No. 483.  On April 21, 2023, the superior court appointed counsel to represent Basulto for a petition for resentencing under section 1172.75.  On December 6, 2023, counsel filed a resentencing memorandum. On December 19, 2023, the prosecutor filed a response that included Basulto's prison rule violation reports.

On February 9, 2024, the superior court conducted a resentencing hearing.  The court considered Basulto's 2019 conviction from Kern County for felony assault with force likely to produce great bodily injury while in state prison (§ 4501, subd. (b)).  He was sentenced to a five-year term to be served consecutively to the underlying case.  The court also described multiple prison rule violations documented in Basulto's disciplinary record, which included violations for acts of violence. The court highlighted that the most recent violation for an act of violence occurred in 2022.  The court also noted a violation for possession of a controlled substance in 2023.

The court observed that Basulto made efforts toward rehabilitation.  But these efforts overlapped with violations for violence and substance use.  The court described Basulto as having "an ongoing struggle . . . without a sense of clear rehabilitation."

---

[3]     *People v. Basulto, supra,* B231523.

4

The court found that striking the prior serious felony enhancement would endanger public safety and denied Basulto's request to strike that enhancement. The court vacated the original sentence and struck the invalid prior prison term enhancement. The court resentenced Basulto to 23 years in state prison, reimposing the same terms as imposed in the original sentence. Specifically, the court reimposed 18 years on count 1, calculated as the upper term of nine years, doubled pursuant to the Three Strikes law. It reimposed five additional years for the prior serious felony conviction enhancement. On count 2, the court imposed and stayed six years pursuant to section 654. On count 3, the court imposed a concurrent sentence of four years, calculated as the middle term of two years, doubled under the Three Strikes law.

## DISCUSSION

### I.    Resentencing under section 1172.75

Basulto contends that the superior court erred by reimposing the upper term for his robbery conviction when resentencing him under section 1172.75.[4] He reasons that reimposition of the upper term violated section 1170, subdivision

---

[4]    The Attorney General points out that Basulto's counsel either invited the error or forfeited the issue on appeal because he did not ask for a sentence below the upper term and did not object to the superior court's reliance on aggravating factors not found by a jury. (See *People v. Carmony* (2004) 33 Cal.4th 367, 375–376; *People v. Scott* (1994) 9 Cal.4th 331, 353.) To forestall Basulto's claim of ineffective assistance of counsel, we will exercise our discretion to reach the issue on its merits. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6; *People v. Crittenden* (1994) 9 Cal.4th 83, 146.)

5

(b) because no aggravating circumstance was admitted by him, stipulated to by the parties, or found true beyond a reasonable doubt by the court or a jury.  We disagree.

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5 by restricting the prior prison term enhancement to sentences for sexually violent offenses. (Stats. 2019, ch. 590, § 1.)  It invalidated prior prison term enhancements for other offenses.  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

Effective January 1, 2022, Senate Bill No. 483 (2021–2022 Reg. Sess.) made the changes by Senate Bill No. 136 retroactive and added former section 1171.1, now section 1172.75, which provided a mechanism for resentencing defendants whose sentences included terms on the invalid enhancements.  (Stats. 2021, ch. 728, §§ 1, 3; Stats. 2022, ch. 58, § 12.)  Under the resentencing procedure, the Department of Corrections and Rehabilitation identifies defendants currently serving a term for a judgment that included the invalid enhancement and forwards their information to the superior courts.  Upon verification of eligibility of relief, the superior court recalls the sentence and conducts a resentencing hearing.  (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Section 1172.75, subdivision (d)(2) requires the court to "apply any changes in the law that reduces sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  Effective January 1, 2022, Senate Bill No. 567 amended section 1170, subdivision (b) to prohibit imposition of a sentence exceeding the middle term when a statute specifies three possible terms.  (Stats. 2021, ch. 731, § 1.3.)  Section 1170, subdivision (b)(2) permits imposing

6

the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term . . . exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

### a. *Exception under section 1172.75, subdivision (d)(4)*

The resentencing provision under section 1172.75 provides an exception to the factfinding requirement of section 1170, subdivision (b). Section 1172.75, subdivision (d)(4) states:

> "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The first clause—"Unless the court originally imposed the upper term"— provides an exception for defendants who were originally sentenced to the upper term from the second clause's factfinding requirement.

According to *People v. Brannon-Thompson*, the plain language of section 1172.75, subdivision (d)(4) indicates that the factfinding requirement under section 1170, subdivision (b) applies only if the court is imposing the upper term for the first time. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*).) *Brannon-Thompson* concluded

7

that section 1172.75, subdivision (d)(4) permits the court to reimpose an upper term sentence even if a factfinder never found an aggravating factor beyond a reasonable doubt.  (*Brannon-Thompson*, at p. 458.)

We agree with this interpretation of section 1172.75, subdivision (d)(4), and see no ambiguity in it.  (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265 [when interpreting a statute, "[t]he plain meaning controls if there is no ambiguity in the statutory language"].)

### b.    *No Sixth Amendment violation*

The court in *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 328–329 (*Gonzalez*), acknowledged that the plain language of section 1172.75, subdivision (d)(4) could be interpreted as it was in *Brannon-Thompson*.  But *Gonzalez* concluded that permitting imposition of the upper term without a stipulation to, or a jury finding of, an aggravating circumstance beyond a reasonable doubt would violate the Sixth Amendment.  (*Gonzalez,* at pp. 329–330; *People v. Lynch* (2024) 16 Cal.5th 730, 759.)  Under the Sixth Amendment, "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt."  (*Cunningham v. California* (2007) 549 U.S. 270, 281 (*Cunningham*).)  *Gonzalez* interpreted section 1172.75, subdivision (d)(4) as only restricting eligibility to receive the upper term at resentencing to those who previously received the upper term.  But according to *Gonzalez*, section 1172.75, subdivision (d)(4) does not permit a court to entirely circumvent the factfinding requirement.  (*Gonzalez*, at p. 329.)

*People v. Mathis* addressed the Sixth Amendment issue raised by *Gonzalez*.  (*People v. Mathis* (2025) 111 Cal.App.5th

8

359, 372–373, review granted Aug. 13, 2025, S291628 (*Mathis*).)
In *Mathis*, the version of section 1170, subdivision (b) in effect at
the time of the defendant's original sentence in 2017 granted the
trial court broad discretion to select any of the three prison terms
provided for the offense.[5]  The middle term was not presumptive
and no requirement existed for a jury or a court to find a
particular fact to justify imposition of the upper term.  Section
1170, subdivision (b) did not violate the Sixth Amendment
because an additional factual determination was unnecessary to
impose a greater sentence.

According to *Mathis*, because this same statutory scheme
was in effect when the Legislature established section 1172.75,
the factfinding requirement was not necessary for defendants
who originally received the upper term.  (*Mathis*, *supra*, 111
Cal.App.5th at p. 373, review granted.)  These defendants would
have been sentenced under the prior version of section 1170,
subdivision (b), which provided courts with the broad discretion

---

[5]  Until 2007, section 1170, former subdivision (b) provided
that "the court shall order imposition of the middle term, unless
there are circumstances in aggravation or mitigation of the
crime."  (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15; Stats.
1998, ch. 926, § 1.5.)  *Cunningham* held that this scheme violated
the Sixth Amendment right to a jury trial because it allowed a
defendant's sentence to be increased beyond the statutory
maximum based on a fact not admitted or found true by a jury.
(*Cunningham*, *supra*, 549 U.S. at pp. 274–275.)

To remedy this violation, the Legislature amended section
1170, subdivision (b) to eliminate the middle term as the
presumptive term and provide courts with "broad discretion" to
choose the term.  (§ 1170, former subd. (b), enacted by Sen. Bill
No. 40 (2007–2008 Reg. Sess.), Stats. 2007, ch. 3, § 2, eff. Mar. 30,
2007.)

9

that allowed them to dispense with the factfinding requirement. (*Mathis*, at p. 373.) Under this version of section 1170, subdivision (b), an upper term sentence would have complied with the Sixth Amendment when originally imposed. (*Mathis*, at pp. 373–374.) If the upper term was originally imposed, resentencing under section 1172.75 does not require the additional factfinding pursuant to section 1170, subdivision (b).

The Supreme Court granted review in a nonpublished case to decide the split of authority by *Brannon-Thompson* and *Gonzalez* and will have the final say over whether section 1172.75, subdivision (d)(4) permits a court to reimpose an upper term sentence without satisfying the factfinding requirement of section 1170, subdivision (b). (*Mathis*, *supra*, 111 Cal.App.5th at pp. 372–373, fn. 6, review granted [referring to *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903].) Until then, we agree with *Brannon-Thompson* and *Mathis* and decline to follow *Gonzalez*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456.)

## II. Request to strike serious prior felony conviction enhancement

Pursuant to section 1385, subdivision (c)(1), a court has discretion to strike a prior serious felony conviction enhancement under section 667, subdivision (a)(1), when it is in the furtherance of justice. (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586.)

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to add subdivision (c). (Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c)(1) provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so . . ."

10

Section 1385, subdivision (c)(2) requires that a sentencing court give "great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." One or more mitigating circumstances "weighs greatly in favor of dismissing the enhancement." (§ 1385, subd. (c)(2).)

The statute provides an exception to the section 1385, subdivision (c)(2) requirement when "the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) Section 1385, subdivision (c)(2) further states that " '[e]ndanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." "[A]bsent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*People v. Walker* (2024) 16 Cal.5th 1024, 1029 (*Walker*).) "Stated simply, if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in the furtherance of justice." (*Id.* at p. 1036.)

We review a trial court's decision not to strike enhancements under section 1385 for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) We must not disturb an exercise of discretion on appeal " ' " '*except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*Ibid.*) A court abuses its discretion if it bases " 'its decision on impermissible factors . . . or on an

11

incorrect legal standard.' [Citation.]" (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

### a. *Finding that dismissal would endanger public safety*

The superior court had multiple reasons to find that dismissal of the prior serious felony conviction enhancement would endanger public safety. Over a mere five years from 2017 to 2023, Basulto violated prison rules at least 11 times.[6] Basulto punctuated this consistent course of violations by committing a violation in 2023, in the same year that he was referred to the superior court for resentencing and his counsel filed a resentencing memorandum on his behalf. Directly pertinent to the court's finding were the five violations from 2017 to 2022 for assaultive conduct against other prisoners and/or correctional officers. One violation resulted in a conviction from the Kern County Superior Court for felony assault with force likely to produce great bodily injury while in state prison (§ 4501, subd. (b)).

Basulto argues that the trial court improperly based its finding of his danger to public safety on his history of prison rule

---

[6] Basulto sustained the following violations: (1) battery on a prisoner on October 30, 2017, (2) battery on a prisoner on February 22, 2018, (3) battery on a prisoner on January 6, 2019, (4) refusing to provide a urine sample on January 6, 2019, (5) possessing materials for distilling alcohol on January 6, 2019, (6) possession of alcohol on December 18, 2021, (7) battery on peace officer on March 31, 2022, (8) resisting a peace officer on December 29, 2022, (9) assault on a peace officer on December 29, 2022, and (10) distribution of a controlled substance on March 9, 2023. Basulto's resentencing memorandum also indicated he was found guilty of possession of a cell phone on December 18, 2021.

violations and assaultive behavior. He points out that his most serious violation, which resulted in the conviction for felony assault while in state prison, occurred over six years before his resentencing hearing. Basulto also highlights that his most recent violation of assaultive conduct occurred two years before the hearing. He further asserts that his more recent rule violations were for "far less serious assaultive behavior." We reject Basulto's arguments.

Six years does not render the felony assault an isolated or remote incident, especially when Basulto subsequently violated prison rules at least ten times with four violations for assaultive conduct. Nor does remaining free of violations for assaultive conduct for a mere two years before the resentencing hearing minimize Basulto's threat to public safety. We also cannot ignore that Basulto continued to violate prison rules during those two years, including a violation in the same year that the resentencing proceedings commenced. These violations demonstrate that despite being monitored in a highly controlled environment, Basulto was unable to comply with rules, including refraining from violent conduct.

In pointing out the two most recent violations for assaultive conduct in 2022, Basulto only describes the one for resisting correctional officers. He neglects to mention that the other was a separate incident for assaulting a peace officer. The record indicates that Basulto lunged toward the officer's upper torso and face, attempting to strike him with his head. Basulto fails to clarify how this violation is "far less serious assaultive behavior" than any other assaultive behavior, including his conviction for felony assault while in prison. We conclude that Basulto's multiple acts of assault constitute substantial evidence to support

the superior court's determination that there would be a high likelihood that dismissal of the enhancement would endanger public safety.

### b. *Refusal to strike the enhancement*

Before finding that dismissal of the enhancement would endanger public safety, the superior court considered mitigating factors. It observed that Basulto had a substance abuse problem and described the "positive nature of the efforts [Basulto] made" while in prison, including earning his GED and completing other classes.[7] But the court characterized Basulto's problem as "an ongoing struggle he [was] having without a [clear sense] of rehabilitation." The court also recognized that the prior serious felony conviction underlying the enhancement was over five years old.[8] Despite the mitigating factors, Basulto's record of violating

---

[7] Basulto's resentencing memorandum included certificates for completion of a vocational masonry class, anger management classes, and Straight Head: Transition Skills for Recovery. Defense counsel also submitted letters of support and additional certificates, including one from CDCR for completing the Cognitive Behavior Treatment Program Substance Abuse.

[8] Basulto also argues that the superior court did not consider as a mitigating factor that his aggregate sentence exceeded 20 years with the imposition of the five years for the enhancement. But he concedes that a term exceeding 20 years "was obvious" from the sentence imposed. At the resentencing hearing, defense counsel requested an 18-year sentence. Defense counsel arrived at 18 years by requesting that the court strike the five years for the prior serious felony conviction enhancement. The court's determination of the total aggregate sentence of 23 years undisputably demonstrated that it was aware the sentence was over 20 years without striking the enhancement.

14

prison rules led the court to find that dismissal of the enhancement was not in the interest of justice.

We conclude that the superior court did not abuse its discretion in refusing to dismiss the enhancement.  The superior court's conclusion was consistent with the Supreme Court's assessment that "in most cases, 'if the trial court finds that dismissal of an enhancement would endanger public safety, then it is hard to see how dismissal would further the interests of justice,' notwithstanding the applicability of any mitigating factors identified in subdivision (c)(2).  [Citation.]" (*Walker*, *supra*, 16 Cal.5th at p. 1033.)

**DISPOSITION**

We affirm the judgment.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.

We concur:



EDMON, P. J.



EGERTON, J.


16